**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-20193
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

REFUGIO RAUL OROPEZ-GONZALEZ,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-171-1
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Refugio Raul Oropez-Gonzalez (Oropez) appeals the sentence

for his conviction of having been present illegally in the

United States after being convicted of an aggravated felony and

deported.  We DISMISS the appeal.

    Oropez's sole appellate contention is that the district

court erred by imposing a 16-level enhancement under U.S.S.G.

§ 2L1.2(b)(1)(A), because the Texas felony of possessing

a controlled substance is not a "crime of violence" under

———————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

18 U.S.C. § 16 and therefore not a 16-level "aggravated felony." Oropez did not receive a 16-level enhancement, however; he received an eight-level increase under U.S.S.G. § 2L1.2(b)(1)(C)(2001).

This court recently held that the Texas jail felony of simple possession of marijuana is a "drug-trafficking crime" and therefore an "aggravated felony" under § 2L1.2(b)(1)(C)(2001). Therefore such a prior conviction (in Oropez's case, involving cocaine possession) requires enhancement by eight levels for a subsequent conviction of illegal entry into the United States. United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), petition for cert. filed, (U.S. Mar. 19, 2003)(No. 02-9747). Accordingly, Oropez's reliance on the fact that simple possession of cocaine is not a "crime of violence" is misplaced and we DISMISS his appeal as frivolous. See 5TH CIR. R. 42.2.

DISMISSED.